NicnonsoN, C. J.,
delivered the opinion of the court.
C. If. Bails was elected tax collector of Hawkins county, for 1866, and gave bond as such with complainants as his sureties. Having failed to pay over the taxes collected for 1866 and 1867, proceedings were commenced against him and his sureties in the circuit court of Hawkins county. *417 While the proceedings were pending, to wit, on the 15th of December, 1869, Bails procured the legislature to pass an act [Acts 1869-70, ch. 28, page 260], giving him further time to pay over the taxes, until the first of August, 1870; but to this act was added this proviso, that “the sureties of the said Bails assent to such extension of time and suspension of suit.”
The sureties of Bails gave no assent to the extension of time and suspension of suit, but the suit was suspended for a time and then abandoned by the state.
On the 4th of February, 1874, complainants, who are sureties of Bails, filed this bill, alleging that Newton Hacker, attorney-general, is now prosecuting another suit in the circuit court of Hawkins county, on the bond of Bails, as tax collector, and his sureties, to secure the balance of the taxes for 1866 and 1867, unpaid at the time of the extension of the time before referred to. They allege that by reason of the extension of time aforesaid, the sureties of Bails were released, and upon.this ground they applied for and obtained an injunction against the further prosecution of the suit at law.
The chancellor sustained a demurrer to the bill and dismissed it, from which decree complainants have appealed.
If it were conceded that the sureties were released by reason of the passage of the act, and the extension of time referred to, it would follow that the remedy of complainants was plain and unembarrassed, and the chancery court would have no jurisdiction. It is insisted for complainants that they were discharged because the state, through the legislature, agreed to give their principal further time. Whether the extension of time was agreed to be given before or after default, could make no difference as to the legal effect- of such extension. If the state was prevented by the act from prosecuting the suit during the eight months time given to the principal, then for that reason *418 the sureties would be discharged, and this defense would be made as effectually at law as at equity.
But whether the remedy was complete at law or not depends upon the question whether the state precluded herself from prosecuting the suit during the time agreed to be given to the principal. We have seen that the state agreed to. the extension only on the condition that the sureties would give their assent. If they gave their assent, then they were not injured by the extension. If they did not assent, then the act was a nullity, and the state had the right to suspend or abandon "the suit without thereby furnishing to complainants any grounds of complaint. It was only the delay of a creditor, which may be given to the principal debtor, without releasing the sureties, unless they object or give notice to sue. It is alleged in the bill that complainants did not consent to the extension of time or the suspension of the suit, but they do- not allege that they either objected thereto, or that they required the state to prosecute the suit. They had a right to require the state to prosecute the suit, but having failed to do this, or to assent to the extension of time proposed by the legislature, it results that the state had a right to indulge her debtor, and his sureties have estopped themselves from complaining of the indulgence by remaining silent and passive.
It is scarcely necessary to add that the comptroller-had no right to bind the state not to sue for a specified time, upon the payment by the collector of a part of the taxes due. Besides being ultra vires, the agreement would be without consideration and of no force.
It follows that the demurrer was properly sustained and the bill dismissed.
The deoree is affirmed with costs.